FABIAN GONZALES V. THE STATE.

No. 17590. Delivered May 22, 1935.
Appeal Reinstated June 19, 1935.

The opinion states the case.

*Murray & Canfield,* of Floresville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for the offense of rape, punishment being assessed at five years in the penitentiary.

After the adjournment of court appellant sought enlargement pending the appeal upon bond executed by him and sureties.

Art. 818 C. C. P. provides that before the appeal bond shall be accepted and the defendant released from custody it must be approved by the sheriff and the court trying the cause. The appeal bond found in the record bears the approval of the sheriff only. Because of the defect in said bond the appeal will be dismissed, but appellant will be granted fifteen days from this date in order to perfect his appeal by proper bond, if he so desires.

The appeal is dismissed.

*Dismissed.*

MORROW, P. J., absent.

### ON MOTION TO REINSTATE APPEAL

MORROW, PRESIDING JUDGE.—The fault in the record having been removed by the filing of a sufficient appeal bond, the appeal will be reinstated.

In substance the testimony of the prosecutrix is an follows: On the 7th day of March, 1934, while on her way to school she accepted the invitation of the appellant to ride in his car. Against her will, over her protest, and in spite of her screams, he drove by the school house. He took her to the home of his married sister where she dined with the appellant and members of his sister's family. No declaration of his offensive conduct was made while the prosecutrix was at the home of the family mentioned. Later, upon the invitation of the appellant, she entered his car. After driving some five miles he forced the prosecutrix to enter a pasture through a barbed-wire fence. He produced a pistol, threatened her life, knocked her down, tore off her bloomers, removed her underskirt, and, according to her testimony, had intercourse with her. Upon that subject the cross-examination disclosed that when she was knocked down she lost consciousness; that she could not be positive whether appellant penetrated her privates or not; that when she regained consciousness he had desisted. There was no bleeding

of her privates and no blood upon her clothes. At the appellant's command she put on her clothes. They returned to the car and rode to a place about half a mile from the dwelling-house of the prosecutrix, where she got out of the car and walked to her home. She immediately informed her father of the occurrence. She testified that her face, body and neck exhibited some scars which apparently resulted from the rough treatment of her by the appellant.

The testimony of the father of the prosecutrix is to the effect that after his daughter started to school about eight o'clock in the morning, he next saw her in the afternoon when she stopped by the wayside and waited for him to cease plowing. The prosecutrix then reported to him that she had been forcibly taken in charge by the appellant and raped by him. The clothing of the prosecutrix at the time he first saw her was, according to his testimony, torn and bloody. She was confined to her bed for several days. The father was illiterate and could not remember the year of the birth of the prosecutrix.

Mrs. Angle, an aunt of the appellant, who was about fifty years of age, testified that appellant and the prosecutrix spent several hours at the home of the witness on the day of the alleged offense; that the prosecutrix took lunch at her house and made no complaint of the treatment of the appellant.

The doctor who examined the prosecutrix testified that he found that her private parts had been penetrated at some time by something, but that there was no evidence of blood or tenderness or soreness of the privates other than a slight redness of the outer parts. He also testified that there no marks on the body of the prosecutrix.

A motion for new trial was presented and overruled, but it presents no matter inviting discussion.

The case is unusual. However, we regard it as presenting a question of fact, the solution of which by the jury is binding upon this court.

The judgment is affirmed.

*Affirmed.*